THE PEOPLE OF PUERTO RICO, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, GERARDO CARREIRA MÁS, JUDGE, Respondent.

No. O-67-91.      Decided May 3, 1967.

*J. B. Fernández Badillo, Solicitor General,* and *J. F. Rodríguez Rivera, Deputy Solicitor General,* for petitioner. *Nicolás Torres Marrero* for intervener Joseph Anthony Tursi.

MR. JUSTICE PEREZ PIMENTEL delivered the opinion of the Court.

The prosecuting attorney filed an information for the offense of conspiracy against Frank Cangiano, Joseph Anthony Tursi, and A. L. Ramos. In its relevant part said information reads thus:

"That said defendants Frank Cangiano, Joseph Anthony Tursi, and A. L. Ramos during the week of June 29, 1966, in San Juan and Carolina, Puerto Rico, which form part of the Superior Court of Puerto Rico, San Juan Part, illegally, voluntarily, maliciously and criminally, and with full knowledge and in agreement among them and with other persons violated the provisions of § 62 of the Penal Code of Puerto Rico (33 L.P.R.A. § 161), consisting in that they conspired to commit the crime or offense provided by § 14 of the Puerto Rico Racing Act (Act No. 149 of July 22, 1960), as amended, in the sense that directly or indirectly they bribed and by other means prevailed upon a jockey and/or jockeys for the purpose of making said jockey and/or jockeys interfere with the normal running of the fifth race held at El Comandante Race Track of Puerto Rico, on June 29, 1966, and/or interfered with the mount or mounts of said jockey or jockeys preventing them from making their best physical effort in that fifth race in the same place and date."

The prosecuting attorney filed another information against A. L. Ramos and Frank Cangiano for the same offense of conspiracy to commit the offense prescribed in § 14 of the Puerto Rico Racing Act. The information is couched in the same terms as the one copied above with the exception of the date of the races which in the latter it was alleged to be July 8, 1966.

The defendants in both cases requested the dismissal of the informations on the ground that the facts stated therein do not constitute an offense inasmuch as the execution of any overt act by at least one of the conspirators as first step toward the realization of the object of the conspiracy is not alleged and they invoked our decision in *People* v. *Vélez Rivera*, 93 P.R.R. 633 (1966) to support their contention.

The trial court sustained defendants' motion and dismissed the informations.

We issued an order directed to the trial judge and to the defendants to show cause why the writ of certiorari requested by the Solicitor General should not be issued and to set aside the orders dismissing the informations.

The interveners-defendants appeared in court and stated causes why the request of the Solicitor General should not be granted.

Defendants were charged, as object of the conspiracy, with the violation of § 14 of the Puerto Rico Racing Act, which provides:

"Any jockey who, by fraudulent, unlawful, or illicit means, interferes with the normal running of a race or prevents his mount or that of any other jockey in a race from making his best physical effort; any horse owner, racing official, racing employee, *or other person who directly or indirectly bribes or otherwise prevails upon a jockey to resort to fraudulent, unlawful, or illicit means to interfere with the normal running of a race or prevent his mount or that of any other jockey from making his best physical effort in any race run on any race track in Puerto Rico*; any person who, for the purpose of either weakening or stimulating the ability of the animal, administers or permits to be administered any drug to any horse which is to run; any jockey who applies or tries to apply an electric battery or any similar device to any horse running in a race for the purpose of stimulating the said animal; or any person who prevails or tries to prevail upon a jockey to apply, in order to stimulate the animal, an electric battery or any similar device to any horse taking part

in a race which is being run on any race track in Puerto Rico, shall be guilty of a misdemeanor . . . ." (Italics ours.)

It cannot be maintained, as the interveners allege, that the informations fail to set forth some overt act. According to the informations they conspired to violate § 14 of the Racing Act. As we have seen this act finds guilty of a misdemeanor any person who directly or indirectly bribes or otherwise prevails upon a jockey (1) to resort to fraudulent, unlawful or illicit means to interfere with the normal running of a race, (2) or prevent his mount or that of any other jockey from making his best physical effort in any race run on any racetrack in Puerto Rico.

The informations charged the interveners-defendants with having acted in common agreement and jointly, (1) and having bribed and by other means prevailed upon a jockey and/or jockeys for the purpose that the latter interfere with the normal running of the fifth race held at El Comandante Race Track on the dates indicated in each information, and/or (2) prevented that the horse or horses mounted by said jockey or jockeys made their best physical effort in said fifth race.

It is not alleged here, as it happened in *People* v. *Vélez Rivera, supra*, that the defendants acting in agreement and in concert asked other persons to bribe one or more jockeys to interfere with the normal running of the races or prevent that the horses mounted by said jockey or jockeys made their best physical effort and afterwards they did not commit any subsequent act to carry on the object of the conspiracy. Defendants are charged specifically with having bribed and otherwise prevailed upon one or more jockeys for the purpose stated in the informations. So it is alleged, as first step towards the realization of the object of the conspiracy having bribed and/or prevailed upon one or more jockeys for the latter purpose, which was that of interfering with the normal running of a race and/or preventing that the horses mounted

by the bribed and/or prevailed upon jockey or jockeys made their best physical effort.

As both informations charge the commission of an offense of conspiracy, the trial court erred in ordering the dismissal.

For the reasons stated, the writ of certiorari will be issued, the orders dismissing the informations will be reversed and set aside and the cases remanded for further proceedings.

Mr. Justice Rigau did not participate herein.